IT IS SO ORDERED.

Dated: 3 July, 2025 09:45 AM

_____
Suzana Krstevski Koch
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 24-12081 |
| | ) | |
| SHARENNE L. TUCKER | ) | Chapter 13 |
| | ) | |
| Debtor. | ) | Judge Suzana Krstevski Koch |
| | ) | |

## MEMORANDUM OF OPINION AND ORDER

This cause is before the Court on Santander Consumer USA Inc.'s ("Creditor") Objection (ECF No. 29) to Confirmation of Sharenne L. Tucker's ("Debtor") Amended Chapter 13 Plan (ECF No. 46) and the parties' related briefing. ECF Nos. 38, 39, and 40.

## JURISDICTION

The following constitutes the Court's findings of fact and conclusions of law under Rule 7052 of the Federal Rules of Bankruptcy Procedure. This Court has jurisdiction in this case and over the contested matter at issue concerning confirmation of the Chapter 13 Plan pursuant to 28 U.S.C. § 1334 and General Order No. 2012-07 entered by the United States District Court for the

1

Northern District of Ohio on April 4, 2012. This is a core proceeding under 28 U.S.C. § 157(b)(2)(B) and (L).

## RELEVANT PROCEDURAL AND FACTUAL HISTORY

On August 11, 2022, Debtor entered into a retail installment sale contract with Kia of Bedford to purchase a 2023 Kia K5 (the "Vehicle") for $37,079.20 with an annual percentage rate of interest at 17.87%. The Vehicle was financed by Creditor. Debtor was to make 72 monthly payments in the amount of $804.44.

On February 15, 2024, Debtor filed a petition for relief under Chapter 7 of Title 11 of the United States Code in this Court, Case No. 24-10535 (the "Chapter 7 Case"). Creditor was included in Debtor's List of Creditors, as well as in Debtor's Schedule D (Chapter 7 Case ECF No. 1).

On May 22, 2024, Debtor was granted a discharge in her Chapter 7 Case.

On May 24, 2024, Debtor filed a petition for relief under Chapter 13 of Title 11 of the United States Code in this Court, beginning the instant case within 910 days of Debtor's purchase of the Vehicle. Debtor is not eligible for a discharge in her current case pursuant to 11 U.S.C. § 1328(f)(1).

On June 7, 2024, Debtor filed her Chapter 13 Plan. ECF No. 12. Debtor proposed to pay Creditor a monthly payment in the amount of $699.85 with an interest rate of 10%, listing the amount of the claim as $32,938.51 and the estimated total payments by the Chapter 13 Trustee to be $41,990.70. Debtor has amended her Chapter 13 Plan three times. The terms of payment to Creditor in the three amended plans differ slightly from the terms in the first proposed plan. In the amended plans, Debtor changed the payment terms: monthly payment in the amount of $691.77 with an interest rate of 9.5%, listing the amount of the claim as $32,938.51 and the

estimated total payments by the Chapter 13 Trustee to be $41,506.19. *See* ECF Nos. 23, 41, and 46.

Creditor filed a proof of claim, Claim No. 4-1 on June 28, 2024, in the amount of $36,373.82 secured by the Vehicle. The value of the Vehicle is listed as $29,625.00. No objection to Creditor's proof of claim was filed.

Creditor objected to Debtor's First Amended Plan at ECF No. 23, and that objection carried over to Debtor's Second Amended Plan at ECF No. 41 and Third Amended Plan at ECF No. 46. 11 U.S.C. § 1323(c). Creditor objected to the treatment of its lien in Debtor's First Amended Plan, arguing that the Chapter 13 Plan must provide for the retention of Creditor's lien until either payment in full under non-bankruptcy law or discharge under 11 U.S.C. § 1328, as required by 11 U.S.C. § 1325(a)(5)(B)(i). ECF No. 29.

Debtor filed her Second Amended Plan on April 10, 2025 (ECF No. 41), then made further amendments that were not material and adverse to any party in interest and filed her Third Amended Plan on May 13, 2025 (ECF No. 46). Debtor's treatment of Creditor continues to be the same in each of the Second and Third Amended Plans. The Court focuses on the Third Amended Plan as it is currently before the Court for confirmation.

In the Third Amended Plan, Debtor included the following plan provisions in Part 8.1:

1. Debtor's Plan shall run sixty (60) months from entry of the Confirmation Order.

2. The secured claim of Santander Consumer USA shall be allowed and paid in full as set forth in Part 3.3 herein, and any unsecured claim filed by Santander Consumer USA shall be disallowed as discharged in Debtor's Chapter 7 Bankruptcy Case Number 24-10535 filed 2/15/2024 unless otherwise allowed by a separate order of the Court.

3. Santander Consumer USA shall retain the lien securing its claim set forth in Part 3.2 until the earlier of payment of the debt under non-bankruptcy law, or payment in full of its allowed secured claim under Part 3.3 and completion of Debtor's Confirmed Plan in full. Debtor received a discharge pursuant to 11 U.S.C. § 727

3

> on May 22, 2024, and is not eligible to receive a discharge pursuant to 11 U.S.C. § 1328.
>
> 4. Santander Consumer USA shall satisfy and release its lien of record against the collateral set forth in Part 3.3 upon payment of its allowed secured claim in full under Part 3.3, and completion of Debtor's Confirmed Plan in full.

Third Amended Plan, ECF No. 46, page 5.

Through its briefing and at oral argument, Creditor maintains its same objection – arguing at the confirmation hearing held on May 27, 2025 that Debtor's plan must provide for the retention of Creditor's lien until either payment in full under non-bankruptcy law or discharge under 11 U.S.C. § 1328.

## LAW AND ANALYSIS

The Sixth Circuit has held that "the provisions in 11 U.S.C. § 1325(a) are mandatory requirements for confirmation of a proposed plan under Chapter 13 of the Bankruptcy Code" and "a bankruptcy court has no discretion to confirm a plan which does not comply with those requirements." *Shaw v. Aurgroup Fin. Credit Union*, 552 F.3d 447, 462 (6th Cir. 2009).

Section 1325 outlines the requirements for confirmation of a plan filed under Chapter 13 of the Bankruptcy Code. In *Shaw*, the Sixth Circuit outlined the three mandatory options § 1325(a)(5) contains for treating secured claims. A debtor's proposed plan must accommodate each allowed, secured creditor in one of three ways under § 1325(a)(5): (1) by obtaining the creditor's acceptance of the plan; (2) by surrendering the property securing the claim; or (3) by permitting the creditor to both retain the lien securing the claim and a promise of future property distributions (such as deferred cash payments) whose total value, as of the effective date of the plan, is not less than the allowed amount of such claim. *Shaw*, 552 F.3d at 462 (internal quotation and citations omitted).

At issue in *Shaw* was the debtor's proposal to bifurcate, or "cramdown," a 910-day claim and the effect of the "hanging paragraph" on § 1325(a)(5). At the end of Section 1325(a), the "hanging paragraph" treats 910-day claims as follows:

> For purposes of [Section 1325(a)(5) ], [S]ection 506 shall not apply to a claim described in that paragraph if the creditor has a purchase money security interest securing the debt that is subject of the claim, the debt was incurred within the 910 day preceding the date of the filing of the petition, and the collateral for that debt consists of a motor vehicle (as defined in section 30102 of title 49) acquired for the personal use of the debtor[.]

Thus, 910-day claims cannot be stripped down and must be treated as fully secured. *DaimlerChrysler Servs. N. Am. LLC v. Taranto (In re Taranto)*, 365 B.R. 85, 89 (6th Cir. BAP 2007); *In re Sparks,* 346 B.R. 767, 771 (Bankr. S.D. Ohio 2006); *In re Kemmery*, 516 B.R. 485, 488–89 (Bankr. N.D. Ohio 2014).

There is no dispute in this case that Creditor holds a 910 claim. The question is whether Debtor's plan properly treats Creditor's claim under one of the three available options. As in *Shaw*, Creditor did not accept the treatment of its claim under Debtor's proposed plan (which would satisfy § 1325(a)(5)(A)) and Debtor did not surrender the Vehicle (which would satisfy § 1325(a)(5)(C)). Therefore, Debtor's plan must fully satisfy § 1325(a)(5)(B) to achieve confirmation over Creditor's objection.

There is no objection as to value pursuant to § 1325(a)(5)(B)(ii), nor is there any objection that the payments are in equal monthly amounts pursuant to § 1325(a)(5)(B)(iii). Creditor has not objected on the grounds that it is not adequately protected pursuant to § 1325(a)(5)(B)(iii). Debtor's plan includes deferred cash payments to Creditor in equal monthly amounts, satisfying § 1325(a)(5)(B)(ii) and (iii).

It appears as though Creditor's sole objection is that Debtor's proposed plan does not technically provide that Creditor retains its lien on the Vehicle as § 1325(a)(5)(B)(i)(I) requires –

until the earlier of the payment of the underlying debt determined under nonbankruptcy law or discharge under 11 U.S.C. § 1328.

Here, it is not possible for Debtor to obtain a discharge under 11 U.S.C. § 1328, and yet, Creditor's objection seems to demand only that the Debtor's Plan include a provision that its lien shall be retained until the earlier of the payment of the underlying debt determined under nonbankruptcy law or discharge under 11 U.S.C. § 1328.

Creditor did not object to the proposed monthly payment amount or interest rate. As Debtor correctly summarizes in her brief, payment terms of a 910-day claim, including the interest rate, may be modified. *In re Taranto*, 365 B.R. at 85; *In re Kemmery*, 516 B.R. at 485. Debtors may stretch out maturity dates, alter payment schedules and propose modified interest rate. *In re Hopkins*, 371 B.R. 324, 327 (Bankr. N.D. Ill. 2007). Interest rates are governed by *Till v. SCS Credit Corp.,* 541 U.S. 465 (2004). To the extent Creditor may be concerned that it may need to release its lien after receiving full payment at the lower *Till* rate of interest, the Court finds that a secured creditor is bound by the lower *Till* interest rate. *In re Hopkins*, 371 B.R. at 327; *In re Harrison*, 394 B.R. 879, 883 (Bankr. N.D. Ill. 2008).

Although seemingly the case most directly on point for Creditor, it did not cite to *Santander Consumer USA Inc. v. Donnadio (In re Donnadio)*, 608 B.R. 507 (6th Cir. BAP 2019) in its filings. In *Donnadio*, the bankruptcy court was reversed for overruling a creditor's objection to its proposed treatment of a 910-day claim in a Chapter 13 plan that did not explicitly include language that the creditor would retain its lien under the debt was paid in full under nonbankruptcy law or the debtors received their discharge under 11 U.S.C. § 1328. The debtors in *Donnadio*, unlike the Debtor in the instant case, were not foreclosed from receiving a discharge in Chapter 13. In *Donnadio*, the debtors were not fully in compliance with

6

§ 1325(a)(5)(B)(i). Here, Debtor's proposed language, in substance, fully complies with § 1325(a)(5)(B)(i). To include lien retention language in a proposed Chapter 13 plan allowing a creditor to maintain its lien until the earlier of payment in full under nonbankruptcy law or an event that cannot occur (a discharge under 11 U.S.C. § 1328) seems to put form over substance.

Pursuant to the terms of the proposed Chapter 13 Plan, if the full amount of Creditor's 910-day claim, with the *Till* rate of interest, is not paid by the end of the Chapter 13 Plan term, the Debtor must continue payments until Creditor is paid whatever amount may remain on the Vehicle loan after the Chapter 13 Plan is completed. 11 U.S.C. § 1328(a)(1). Creditor did not object based on a concern that the Chapter 13 Plan would somehow prematurely terminate its 72 month note, but the Court finds that the proposed Chapter 13 Plan does not allow such result.

Debtor cites *In re Cain*, 513 B.R. 316 (6th Cir. BAP 2014) for the proposition that nothing in Title 11 prevents a Chapter 13 debtor from exercising her rights to the protections and benefits of Chapter 13, regardless of her eligibility for a discharge. Debtor's Resp., ECF No. 39, p. 3. Creditor correctly summarizes *Cain* as a case of a debtor who was permitted to avoid a wholly unsecured junior mortgage lien in a Chapter 13 wherein the debtor was not entitled to a discharge. Creditor's Reply, ECF No. 40, p. 2. Creditor argues that because it has a "secured claim," *Cain* does not apply. *Id.* The Court agrees, *Cain* does not apply to a 910-day claim. *Cain* does, however, stand for the proposition that the benefits of Title 11 are not necessarily dependent on a debtor's eligibility to a discharge.

Creditor's arguments in its filings and at oral argument seemed to focus solely on its desire for the proposed Chapter 13 Plan to include lien retention language in addition to that which the Debtor has proposed – specifically, that the Creditor retains its lien until Debtor receives a discharge under 11 U.S.C. § 1328, an event that cannot occur.

7

The Court must confirm a filed Chapter 13 plan after parties in interest have been given proper notice, if it meets six requirements of § 1325(a), including that "the plan has been proposed in good faith. . . ." 11 U.S.C. § 1325(a)(3); *In re Famisaran*, 224 B.R. 886, 892 (Bankr. N.D. Ill. 1998). A party objecting to confirmation bears the burden of proof. *Shortridge v. Ruskin (In re Shortridge)*, No. 93-2558, 1995 U.S. App. LEXIS 33522, at *6 (6th Cir. Aug. 31, 1995); *In re Anthony*, No. 2:23-bk-52661, 2025 WL 1277034, at *5 (Bankr. S.D. Ohio May 2, 2025). Creditor's Objection must show that Debtor does not meet § 1325(a)(5)(B)(i). The Court notes that, after extensively reviewing all the filings and carefully considering oral arguments, Creditor's Objection does not meet its burden of proof. If Creditor had an objection in addition to its lone request for the addition of language that its lien is retained until the earlier of payment in full under nonbankruptcy law or a discharge under 11 U.S.C. § 1328, it did not clearly explain its objection.

The substance of Debtor's proposed Chapter 13 Plan meets all the requirements for confirmation. To deny confirmation over lien retention language for an event that cannot occur would put form over substance. There are occasions when form matters, but this is not one of them. Creditor did not meet its burden of proof. The Objection is overruled.

The Chapter 13 Trustee shall submit a proposed confirmation order pursuant to Amended Administrative Order No. 06-6 as continued by Administrative Order 23-04.

IT IS SO ORDERED.